UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

06-807 C

| | | |
|---|---|---|
| RUSSELL GERBER, Plaintiff, | : | Civil Action No.: 03-248 (RMU) |
| v. | : | Document No.: 21 |
| DEPARTMENT OF HEALTH AND HUMAN SERVICES, Defendant. | : | |

**MEMORANDUM ORDER**

**GRANTING THE PLAINTIFF'S MOTION TO TRANSFER**

## I. INTRODUCTION

This case comes before the court on the plaintiff's motion to transfer. The plaintiff claims that the defendant is in breach of the parties' settlement agreement and moves the court to transfer this case to the United States Court of Federal Claims for resolution. Because the parties' dispute constitutes a new claim for breach of contract, the court grants the plaintiff's motion.

## II. DISCUSSION

Under the Tucker Act, proper jurisdiction for contract disputes with the United States when the amount in question exceeds $10,000 rests with the United States Court of Federal Claims. 28 U.S.C. §1491(a); *see Waters v. Rumsfeld*, 320 F.3d 265, 270 (D.C. Cir. 2003) (stating that under the Tucker Act, claims "exceeding the $10,000 jurisdictional ceiling . . . are within the exclusive jurisdiction of the Court of Claims" (quoting *Goble v. Marsh*, 684 F.2d 12, 15 (D.C. Cir. 1982))).

United States District Court
For the District of Columbia
A TRUE COPY
NANCY MAYER WHITTINGTON, Clerk
By Jackie Francis
Deputy Clerk

The plaintiff has not indicated, nor can the court fathom, why he is seeking the court's permission to go to the United States Court of Federal Claims when he could have brought this action there directly. As noted by Justice Scalia in *Kokkonen v. Guardian Life Insurance Company of America*, "it must be emphasized that what [the plaintiff] seeks in this case is enforcement of the settlement agreement, and not merely reopening of the dismissed suit by reason of breach of the agreement that was the basis for dismissal." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994). Because the plaintiff in this case seeks more than $10,000, the court grants the plaintiff's request. The court, therefore, transfers this case to the United States Court of Federal Claims pursuant to 28 U.S.C. §1631.

For this reason, it is this 6th day of February, 2006,

**ORDERED** that the plaintiff's motion to transfer is **GRANTED**.

**SO ORDERED**.

RICARDO M. URBINA
United States District Judge