# In the United States Court of Federal Claims

| | | |
|---|---|---|
| A. RUSSELL GERBER<br>7213 Righters Mill Rd.<br>Rockville, Maryland 20855,<br><br>*Plaintiff,* | ) | |
| v. | ) | No. 06-807 C |
| THE UNITED STATES,<br><br>*Defendant.* | ) | Senior Judge Hodges |

AMENDED COMPLAINT
(PHS Pay and Allowances; Breach of Settlement Agreement)

This Amended Complaint is submitted in accordance with Rule 3.1(a)(2). The case was originally filed as *Gerber v. Department of Health and Human Services*, Civil Action No. 03-248, in the United States District Court for the District of Columbia. It was ordered to be transferred here on February 6, 2006 because the amount in controversy exceeds $10,000. After an initial transfer that was premature under 28 U.S.C. § 1292(d), the record was returned to the District Court. It was again transferred on June 1, 2006, but there apparently were problems in effecting the transfer of the record. The record was eventually properly transferred, and the case was filed here on December 1, 2006 under the caption and docket number shown above. This Amended Complaint is timely filed.

***Jurisdiction***

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1491. The money-mandating statutes are 37 U.S.C. §§ 204(a)(1) and 302(a)(4) and 42 U.S.C. § 210. The claims also rest on a settlement approved by Judge Urbina on April 5, 2004.

***Parties***

2. Plaintiff, a citizen of the United States who resides at the address stated in the caption, holds the permanent grade of Senior Surgeon (Commander) in the Medical category of the Commissioned Corps of the U.S. Public Health Service ("PHS"). He currently serves as Resident Advisor in Jordan, on assignment from the Centers for Disease Control and Prevention.

3. Defendant is the United States. PHS is part of the Department of Health and Human Services ("HHS").

***Statutory Framework***

4. PHS Commissioned Corps officers on active duty have a statutory entitlement to pay. 37 U.S.C. §§ 101(3) and 204(a)(1).

***Facts***

5. In 2004, plaintiff settled a civil action he had filed against HHS in the United States District Court for the District of Columbia. A copy of the Stipulation of Settlement and Dismissal ("the Settlement") is attached.

6. The Settlement provides for plaintiff's restoration to active duty.

7. Under ¶ 4 of the Settlement, he is entitled to have his personnel record show, among other things, that he "had been assigned on a Leave Without Pay detail to the Peace Corps from August 29, 1997 until his reentry on active duty (hereafter 'intervening period')."

8. Under ¶ 7 of the Settlement, he waived any entitlement to back pay, allowances, or other monetary or non-monetary benefits that may have accrued during the "intervening period" defined in ¶ 4 of the Settlement.

9. Under ¶ 3 of the Settlement, "Defendant shall issue appropriate orders to return Plaintiff to active duty in the PHS Commissioned Corps effective as soon as practicable following

certification of Plaintiff's medical and physical qualification for such active duty, but no later than 30 days after the date of such certification."

10. Plaintiff was found qualified for active duty on June 30, 2004.

11. Under the Settlement, defendant had a duty to issue orders restoring him to active duty no later than July 30, 2004.

12. Defendant did not order plaintiff to active duty until May 16, 2005.

13. Defendant has not paid him any pay and allowances in respect of the period from July 30, 2004 to May 15, 2005.

14. Defendant breached the Settlement by failing to restore him to active duty within the prescribed period.

15. Plaintiff's waiver of back pay and allowances in respect of the "intervening period" does not apply to any part thereof that is attributable to defendant's breach of ¶ 3 of the Settlement.

16. Defendant has also failed to pay plaintiff over $30,000 in Retention Special Pay ("RSP") and Incentive Special Pay ("ISP") pursuant to contract requests he submitted in June 2005 and May 2006 in accordance with 37 U.S.C. § 302(a)(4), 42 U.S.C. § 210(a)(2), and Subchapter 22.2, Personnel Instructions 3 (RSP) and 10 (ISP) of the PHS Commissioned Corps Personnel Manual ("CCPM"). He could not even submit a contract request for RSP and ISP until he was restored to active duty. Had defendant not breached the restoration to active duty provision of the Settlement, plaintiff would have submitted a contract request for RSP and ISP in August 2004.

17. PHS's failure to process plaintiff's requests and pay him these special pays is evidence that it de facto refuses to return him to active duty in full accordance with ¶ 3 of the Settlement.

18. PHS's treatment of plaintiff as a second-class citizen within the Commissioned Corps is either a breach of the Settlement, retaliation for instituting the action in the District Court, or both.

19. In the District Court, HHS never disputed that it was in breach of the Settlement.

***Cause of Action***

20. The averments of ¶¶ 1-19 are incorporated herein.

21. Plaintiff is entitled to the pay and allowances of a Senior Surgeon (pay grade O-5) under 37 U.S.C. § 204(a)(1) and the Settlement.

22. Plaintiff is also entitled to RSP and ISP under 37 U.S.C. § 302(a)(4), 42 U.S.C. § 210(a)(2), the CCPM, and the Settlement.

***Relief Requested***

WHEREFORE plaintiff respectfully requests that judgment be entered for him for the pay and allowances of a Senior Surgeon (pay grade O-5) with his years of service from July 30, 2004 to May 15, 2005 and for $30,000 in RSP and ISP from August 2004. To provide an entire remedy and to complete the relief afforded by the judgment, the Court should also direct that all other corrections required to be made to plaintiff's personnel record under the Settlement be made forthwith, and grant such other and further relief as may in the circumstances be just and proper.

Respectfully submitted,

Eugene R. Fidell

Eugene R. Fidell
Feldesman Tucker Leifer Fidell LLP
2001 L Street, N.W.
Second Floor
Washington, D.C. 20036
(202) 466-8960 tel
(202) 293-8103 fax
efidell@feldesmantucker.com

*Counsel of Record for Plaintiff*

December 4, 2006