UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| A. RUSSELL GERBER, M.D., *Plaintiff,* | ) | |
| v. | ) | Civil Action No. 03-248 (RMU) |
| DEPARTMENT OF HEALTH AND HUMAN SERVICES, *Defendant.* | ) | ECF |

FILED
APR - 5 2004
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## STIPULATION OF SETTLEMENT AND DISMISSAL

1. The Department of Human Services ("Defendant") and A. Russell Gerber, M.D. ("Plaintiff") hereby stipulate and agree to settle and compromise the above-captioned action under the terms and conditions set forth in this Stipulation of Settlement and Dismissal ("Stipulation").

2. Plaintiff agrees to submit to routine medical and physical examinations to establish his medical and physical qualification for active duty service in the Public Health Service (PHS) Commissioned Corps as soon as practicable, but not later than 30 days after the date upon which this stipulation and order is approved by the Court. If Plaintiff declines to be examined, Defendant shall have no further responsibility except as provided in ¶¶ 8-15 of this stipulation and order.

3. Defendant shall issue appropriate orders to return Plaintiff to active duty in the PHS Commissioned Corps effective as soon as practicable following certification of Plaintiff's medical and physical qualification for such active duty, but no later than 30 days after the date of such certification. If Plaintiff is found not to be medically and physically qualified for active duty service or declines to enter upon active duty pursuant to such orders, Defendant shall have no further responsibility except as provided for in ¶¶ 8-15 of this stipulation and order.

4. Upon return to active duty, Defendant will correct Plaintiff's personnel records to reflect that Plaintiff had earned uninterrupted active duty credit toward retirement and seniority, that Plaintiff holds the rank, grade and privileges of Permanent O-5 in the Reserve Active Corps, with the date of rank he would have held had his active duty service been uninterrupted, that Plaintiff had been assigned on a Leave Without Pay detail to the Peace Corps from August 29, 1997 until his reentry on active duty (hereafter "intervening period"), with active duty credit toward retirement and seniority, and to remove all references to his 1997 release from active duty. In addition, if Plaintiff provides Defendant with any performance evaluations he received from the Peace Corps during the intervening period, Defendant will incorporate them into Plaintiff's PHS Commissioned Corps records in accordance with existing procedures of the PHS Commissioned Corps, and include therewith an explanatory memorandum to the effect that "For administrative reasons, only Narrative COERs exist for this officer during the period from August 1997 through April 2004, and no adverse inference shall be drawn from the absence of complete Commissioned Officer's Effectiveness Reports for this period."

5. As soon as practicable, but not later than 10 days after the date upon which this stipulation and order is approved by the Court, Defendant shall formally offer to the Peace Corps to establish a non-reimbursable detail for a PHS Commissioned Corps officer to be assigned to the Peace Corps for a period not to exceed two years. If the Peace Corps accepts this detail and Plaintiff returns to active duty pursuant to this stipulation, Defendant agrees to assign Plaintiff to that position for two years. The parties expressly acknowledge that this stipulation is not conditioned on the Peace Corps' acceptance of this detail.

6. If the Peace Corps does not agree to establish this position described in ¶ 5, above, or if having established the position, the Peace Corps determines during the two-year period of the detail to unilaterally discontinue the position, Defendant shall assign Plaintiff to duties, which in

the sole discretion of the PHS Commissioned Corps, are in the best interests of that service, consistent with Plaintiff's qualifications and experience, and Defendant shall have no further responsibility except as provided for in ¶¶ 8-15 of this stipulation and order.

7. Except for active duty credit toward retirement and seniority provided for in ¶ 4, above, Plaintiff waives any claim for back pay, allowances or other monetary or non-monetary benefits that may have accrued during the intervening period.

8. This Stipulation represents the full and complete satisfaction of all claims arising from the allegations set forth in the Complaint filed in this action, including full and complete satisfaction of all claims for costs that have been, or could be, made in this case, including any and all attorney fees and costs incurred in connection with the administrative process, the District Court litigation process, and any other proceedings involving the claims raised in this action.

9. By this Stipulation, Plaintiff waives, releases, and abandons any and all claims against the Defendant, its officials, agents, or employees, whether past or present, alleged, or which could have been alleged, by Plaintiff as a result of his claims in this action.

10. This Stipulation does not constitute an admission of liability or fault on the part of the United States, its officers, agents, or employees, and is entered into for the sole purpose of compromising disputed claims and avoiding the expenses and risks of further litigation.

11. The parties and their representatives acknowledge that they fully understand and voluntarily agree to the terms of this Stipulation. The Plaintiff represents and agrees that he has thoroughly and carefully read and fully understands all of the provisions of this Stipulation, and that he is voluntarily entering into this Stipulation.

12. This Stipulation will be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns.

13. The parties agree that this Stipulation will not be used as evidence or otherwise in any pending or future civil or administrative action against the United States or any other agency or instrumentality of the United States, except in an action to enforce this Stipulation or to establish the terms hereof.

14. This Stipulation sets forth the entire understanding of the parties. All understandings have been incorporated into the terms of this Stipulation. No variations from the terms and conditions hereof will be permitted except pursuant to a written amendment executed by the duly authorized representatives of both parties.

15. This action is dismissed with prejudice, except that the Court shall have jurisdiction to reinstate this action on motion of any party to resolve a claim of noncompliance with the terms of this Stipulation.

DATED: March 31, 2004

Eugene R Fidell

EUGENE R. FIDELL, DC Bar #112003
Feldesman Tucker Leifer Fidell LLP
2001 L Street, N.W., Second Floor
Washington, D.C. 20036
(202) 466-8960

Attorney for Plaintiff

Respectfully submitted,

Roscoe C. Howard

ROSCOE C. HOWARD, JR., DC Bar # 246470
United States Attorney

Mark E. Nagle

MARK E. NAGLE, DC Bar #416364
Assistant United States Attorney

ULDRIC L. FIORE, JR., D.C. Bar No. 386152
Assistant U.S. Attorney
Judiciary Center Building
555 Fourth St., N.W., 10th Floor
Washington, D.C. 20530
(202) 307-0299

Attorneys for Defendant

SO ORDERED this 5 day of April, 2004.

Ricardo M. Urbina

RICARDO M. URBINA
United States District Judge