FILED
MAR 07 2007
U.S. COURT OF FEDERAL CLAIMS

# In the United States Court of Federal Claims

| | | |
|---|---|---|
| A. RUSSELL GERBER<br>7213 Righters Mill Rd.<br>Rockville, Maryland 20855,<br><br>*Plaintiff,*<br><br>v.<br><br>THE UNITED STATES,<br><br>*Defendant.* | ) | No. 06-807 C<br><br>Senior Judge Hodges |

SECOND AMENDED COMPLAINT
(PHS Pay and Allowances; Breach of Settlement Agreement)

This Second Amended Complaint is submitted in accordance with Rule 3.1(a)(2) and the Court's Order of March 6, 2007.

The case was originally filed as *Gerber v. Department of Health and Human Services*, Civil Action No. 03-248, in the United States District Court for the District of Columbia. It was ordered to be transferred here on February 6, 2006 because the amount in controversy exceeds $10,000. After an initial transfer that was premature under 28 U.S.C. § 1292(d), the record was returned to the District Court. It was again transferred on June 1, 2006, but there apparently were problems in effecting the transfer of the record. The record was eventually properly transferred, and the case was filed here on December 1, 2006 under the caption and docket number shown above.

An Amended Complaint was timely filed but ordered struck on March 6, 2007 with instructions to refile. This Second Amended Complaint is timely filed in response to that Order. The required original and seven copies have been deposited with the Clerk.

### *Jurisdiction*

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1491. The money-mandating statutes are 37 U.S.C. §§ 204(a)(1) and 302(a)(4) and 42 U.S.C. § 210. The claims also rest on a settlement approved by Judge Urbina on April 5, 2004.

### *Parties*

2. Plaintiff, a citizen of the United States who resides at the address stated in the caption, holds the permanent grade of Senior Surgeon (Commander) in the Medical category of the Commissioned Corps of the U.S. Public Health Service ("PHS"). He currently serves as Resident Advisor in Jordan, on assignment from the Centers for Disease Control and Prevention.

3. Defendant is the United States. PHS is part of the Department of Health and Human Services ("HHS").

### *Statutory Framework*

4. PHS Commissioned Corps officers on active duty have a statutory entitlement to pay. 37 U.S.C. §§ 101(3) and 204(a)(1).

### *Facts*

5. In 2004, plaintiff settled a civil action he had filed against HHS in the United States District Court for the District of Columbia. A copy of the Stipulation of Settlement and Dismissal ("the Settlement") is attached.

6. The Settlement provides for plaintiff's restoration to active duty.

7. Under ¶ 4 of the Settlement, he is entitled to have his personnel record show, among other things, that he "had been assigned on a Leave Without Pay detail to the Peace Corps from August 29, 1997 until his reentry on active duty (hereafter 'intervening period')."

8. Under ¶ 7 of the Settlement, he waived any entitlement to back pay, allowances, or other

monetary or non-monetary benefits that may have accrued during the "intervening period" defined in ¶ 4 of the Settlement.

9. Under ¶ 3 of the Settlement, "Defendant shall issue appropriate orders to return Plaintiff to active duty in the PHS Commissioned Corps effective as soon as practicable following certification of Plaintiff's medical and physical qualification for such active duty, but no later than 30 days after the date of such certification."

10. Plaintiff was found qualified for active duty on June 30, 2004.

11. Under the Settlement, defendant had a duty to issue orders restoring him to active duty no later than July 30, 2004.

12. Defendant did not order plaintiff to active duty until May 16, 2005.

13. Defendant has not paid him any pay and allowances in respect of the period from July 30, 2004 to May 15, 2005.

14. Defendant breached the Settlement by failing to restore him to active duty within the prescribed period.

15. Plaintiff's waiver of back pay and allowances in respect of the "intervening period" does not apply to any part thereof that is attributable to defendant's breach of ¶ 3 of the Settlement.

16. Defendant has also failed to pay plaintiff over $30,000 in Retention Special Pay ("RSP") and Incentive Special Pay ("ISP") pursuant to contract requests he submitted in June 2005 and May 2006 in accordance with 37 U.S.C. § 302(a)(4), 42 U.S.C. § 210(a)(2), and Subchapter 22.2, Personnel Instructions 3 (RSP) and 10 (ISP) of the PHS Commissioned Corps Personnel Manual ("CCPM"). He could not even submit a contract request for RSP and ISP until he was restored to active duty. Had defendant not breached the restoration to active duty provision of the Settlement, plaintiff would have submitted a contract request for RSP and ISP in August 2004.

17. PHS's failure to process plaintiff's requests and pay him these special pays is evidence that it de facto refuses to return him to active duty in full accordance with ¶ 3 of the Settlement.

18. PHS's treatment of plaintiff as a second-class citizen within the Commissioned Corps is either a breach of the Settlement, retaliation for instituting the action in the District Court, or both.

19. In the District Court, HHS never disputed that it was in breach of the Settlement.

***Cause of Action***

20. The averments of ¶¶ 1-19 are incorporated herein.

21. Plaintiff is entitled to the pay and allowances of a Senior Surgeon (pay grade O-5) under 37 U.S.C. § 204(a)(1) and the Settlement.

22. Plaintiff is also entitled to RSP and ISP under 37 U.S.C. § 302(a)(4), 42 U.S.C. § 210(a)(2), the CCPM, and the Settlement.

***Relief Requested***

WHEREFORE plaintiff respectfully requests that judgment be entered for him for the pay and allowances of a Senior Surgeon (pay grade O-5) with his years of service from July 30, 2004 to May 15, 2005 and for $30,000 in RSP and ISP from August 2004. To provide an entire remedy and to complete the relief afforded by the judgment, the Court should also direct that all other corrections required to be made to plaintiff's personnel record under the Settlement be made forthwith, and grant such other and further relief as may in the circumstances be just and proper.

Respectfully submitted,

Eugene R. Fidell

Eugene R. Fidell
Feldesman Tucker Leifer Fidell LLP
2001 L Street, N.W.
Second Floor
Washington, D.C. 20036

*Of counsel:*

Brent C. Harvey

(202) 466-8960 tel
(202) 293-8103 fax
efidell@feldesmantucker.com

*Counsel of Record for Plaintiff*

March 7, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| A. RUSSELL GERBER, M.D., *Plaintiff*, v. DEPARTMENT OF HEALTH AND HUMAN SERVICES, *Defendant*. | ) | Civil Action No. 03-248 (RMU) ECF |

FILED
APR - 5 2004
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**STIPULATION OF SETTLEMENT AND DISMISSAL**

1. The Department of Human Services ("Defendant") and A. Russell Gerber, M.D. ("Plaintiff") hereby stipulate and agree to settle and compromise the above-captioned action under the terms and conditions set forth in this Stipulation of Settlement and Dismissal ("Stipulation").

2. Plaintiff agrees to submit to routine medical and physical examinations to establish his medical and physical qualification for active duty service in the Public Health Service (PHS) Commissioned Corps as soon as practicable, but not later than 30 days after the date upon which this stipulation and order is approved by the Court. If Plaintiff declines to be examined, Defendant shall have no further responsibility except as provided in ¶¶ 8-15 of this stipulation and order.

3. Defendant shall issue appropriate orders to return Plaintiff to active duty in the PHS Commissioned Corps effective as soon as practicable following certification of Plaintiff's medical and physical qualification for such active duty, but no later than 30 days after the date of such certification. If Plaintiff is found not to be medically and physically qualified for active duty service or declines to enter upon active duty pursuant to such orders, Defendant shall have no further responsibility except as provided for in ¶¶ 8-15 of this stipulation and order.

4. Upon return to active duty, Defendant will correct Plaintiff's personnel records to reflect that Plaintiff had earned uninterrupted active duty credit toward retirement and seniority, that Plaintiff holds the rank, grade and privileges of Permanent O-5 in the Reserve Active Corps, with the date of rank he would have held had his active duty service been uninterrupted, that Plaintiff had been assigned on a Leave Without Pay detail to the Peace Corps from August 29, 1997 until his reentry on active duty (hereafter "intervening period"), with active duty credit toward retirement and seniority, and to remove all references to his 1997 release from active duty. In addition, if Plaintiff provides Defendant with any performance evaluations he received from the Peace Corps during the intervening period, Defendant will incorporate them into Plaintiff's PHS Commissioned Corps records in accordance with existing procedures of the PHS Commissioned Corps, and include therewith an explanatory memorandum to the effect that "For administrative reasons, only Narrative COERs exist for this officer during the period from August 1997 through April 2004, and no adverse inference shall be drawn from the absence of complete Commissioned Officer's Effectiveness Reports for this period."

5. As soon as practicable, but not later than 10 days after the date upon which this stipulation and order is approved by the Court, Defendant shall formally offer to the Peace Corps to establish a non-reimbursable detail for a PHS Commissioned Corps officer to be assigned to the Peace Corps for a period not to exceed two years. If the Peace Corps accepts this detail and Plaintiff returns to active duty pursuant to this stipulation, Defendant agrees to assign Plaintiff to that position for two years. The parties expressly acknowledge that this stipulation is not conditioned on the Peace Corps' acceptance of this detail.

6. If the Peace Corps does not agree to establish this position described in ¶ 5, above, or if having established the position, the Peace Corps determines during the two-year period of the detail to unilaterally discontinue the position, Defendant shall assign Plaintiff to duties, which in

the sole discretion of the PHS Commissioned Corps, are in the best interests of that service, consistent with Plaintiff's qualifications and experience, and Defendant shall have no further responsibility except as provided for in ¶¶ 8-15 of this stipulation and order.

7. Except for active duty credit toward retirement and seniority provided for in ¶ 4, above, Plaintiff waives any claim for back pay, allowances or other monetary or non-monetary benefits that may have accrued during the intervening period.

8. This Stipulation represents the full and complete satisfaction of all claims arising from the allegations set forth in the Complaint filed in this action, including full and complete satisfaction of all claims for costs that have been, or could be, made in this case, including any and all attorney fees and costs incurred in connection with the administrative process, the District Court litigation process, and any other proceedings involving the claims raised in this action.

9. By this Stipulation, Plaintiff waives, releases, and abandons any and all claims against the Defendant, its officials, agents, or employees, whether past or present, alleged, or which could have been alleged, by Plaintiff as a result of his claims in this action.

10. This Stipulation does not constitute an admission of liability or fault on the part of the United States, its officers, agents, or employees, and is entered into for the sole purpose of compromising disputed claims and avoiding the expenses and risks of further litigation.

11. The parties and their representatives acknowledge that they fully understand and voluntarily agree to the terms of this Stipulation. The Plaintiff represents and agrees that he has thoroughly and carefully read and fully understands all of the provisions of this Stipulation, and that he is voluntarily entering into this Stipulation.

12. This Stipulation will be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns.

13. The parties agree that this Stipulation will not be used as evidence or otherwise in any pending or future civil or administrative action against the United States or any other agency or instrumentality of the United States, except in an action to enforce this Stipulation or to establish the terms hereof.

14. This Stipulation sets forth the entire understanding of the parties. All understandings have been incorporated into the terms of this Stipulation. No variations from the terms and conditions hereof will be permitted except pursuant to a written amendment executed by the duly authorized representatives of both parties.

15. This action is dismissed with prejudice, except that the Court shall have jurisdiction to reinstate this action on motion of any party to resolve a claim of noncompliance with the terms of this Stipulation.

DATED: March 31, 2004

EUGENE R. FIDELL, DC Bar #112003
Feldesman Tucker Leifer Fidell LLP
2001 L Street, N.W., Second Floor
Washington, D.C. 20036
(202) 466-8960

Attorney for Plaintiff

Respectfully submitted,

ROSCOE C. HOWARD, JR., DC Bar # 246470
United States Attorney

MARK E. NAGLE, DC Bar #416364
Assistant United States Attorney

ULDRIC L. FIORE, JR., D.C. Bar No. 386152
Assistant U.S. Attorney
Judiciary Center Building
555 Fourth St., N.W., 10th Floor
Washington, D.C. 20530
(202) 307-0299

Attorneys for Defendant

SO ORDERED this 5 day of April, 2004.

RICARDO M. URBINA
United States District Judge