IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| A. RUSSELL GERBER,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 06-807C<br>(Judge Hodges) |

STIPULATION FOR ENTRY OF JUDGMENT

To settle the claims asserted in the complaint and to permit the entry of final judgment on those claims, without constituting an admission of liability on the part of defendant, it is stipulated and agreed between the parties:

1. On April 5, 2004, the United States Department of Health and Human Services ("DHHS") settled a civil action wherein Dr. Gerber challenged his termination from the Commissioned Corps of the Public Health Service, DHHS, that had been filed in the United States District Court for the District of Columbia. Pursuant to the terms of the "Stipulation of Settlement and Dismissal," DHHS agreed to "issue appropriate order to return Plaintiff to active duty in the PHS Commissioned Corps effective as soon as practicable following certification of Plaintiff's medical and physical qualification for such active duty, but no later than 30 days after the date of such certification."

2. By June 30, 2004, Dr. Gerber had provided the necessary medical documentation to determine his medical and physical qualifications. Pursuant to the agreement, Dr. Gerber should have been returned to active duty by July 30, 2004.

3. DHHS placed Dr. Gerber in a position with the National Institute of Child Health and Human Development (NICHD), National Institutes of Health, on May 15, 2005.

4. Dr. Gerber filed this suit alleging breach of the settlement stipulation and sought back pay and allowances for the period between the time he should have been placed on active duty, July 30, 2004, and the time when he actually began his active service, May 15, 2005. Dr. Gerber also sought two medical special pays: (1) Retention Special Pay ("RSP") and (2) Incentive Special Pay ("ISP").

5. On June 14, 2005, Dr. Gerber signed a Medical Special Pay (MSP) contract, requesting RSP and ISP. DHHS did not process the contract because Dr. Gerber failed to provide the necessary documentation showing that he had been granted clinical privileges and met the clinical time requirement.

6. On May 5, 2006, Dr. Gerber signed another MSP contract requesting RSP and ISP. Again, DHHS did not process the contract because of Dr. Gerber's failure to provide the required clinical information.

7. Dr. Gerber did not file an MSP contract for 2004, and acknowledges that it is solely his responsibility to file a 2004 contract if he wishes to receive RSP for that year.

8. Dr. Gerber acknowledges that he is not entitled to ISP for the years 2004, 2005, and 2006, and affirmatively waives his claim to it for those years. DHHS acknowledges that Dr. Gerber would have been entitled to RSP in 2004, 2005, and 2006.

9. Upon entry of judgment, DHHS agrees to process Dr. Gerber's pending contracts for RSP, and agrees to accept a 2004 contract from Dr. Gerber for processing.

10. Dr. Gerber has offered to settle all of his other claims in this case in exchange for payment by the United States of $106,564.72, inclusive of all back pay, attorney fees, and costs.

11. Dr. Gerber's offer has been accepted on behalf of the Attorney General.

12. The United States consents to entry of judgment against the United States in favor of Dr. Gerber as set out in paragraph 10.

13. Upon entry of judgment, and except to enforce any of the terms of this stipulation, Dr. Gerber releases, waives, and abandons all claims against the United States, its political subdivisions, its officers, agents, and employees, arising out of or related to this suit, regardless of whether they were included in the complaint, including, but not limited to, all claims for costs, expenses, attorney fees, and damages of any sort.

14. This stipulation is in no way related to or concerned with income or other taxes for which Dr. Gerber is now liable or may become liable in the future as a result of this stipulation or as a result of entry of a final judgment.

15. Dr. Gerber warrants and represents that, except as provided in this stipulation, no other action or suit with respect to the claims advanced in this suit is pending or will be filed in or submitted to any other court, administrative agency, or legislative body. Dr. Gerber further warrants and represents that he has made no assignment or transfer of all or any part of his rights arising out of or relating to the claims advanced in this suit. Should there be now or in the future any violation of these warranties and representations, any amount paid by the United States pursuant to this stipulation or pursuant to any judgment entered pursuant to this stipulation shall be refunded promptly by Dr. Gerber, together with interest thereon at the rates provided in 41 U.S.C. § 611, computed from the date the United States makes such payment.

16. This stipulation is for the purposes of settling this case and permitting entry of final judgment, and for no other. Accordingly, this stipulation shall not bind the parties, nor shall it be cited or otherwise referred to, in any proceedings, whether judicial or administrative in nature, in which the parties or counsel for the parties have or may acquire an interest, except as is necessary

to effect the terms of this stipulation.

17. Plaintiff's counsel represents that he has been and is authorized to enter into this stipulation on behalf of Dr. Gerber.

18. This document constitutes a complete integration of the stipulation between the parties and supercedes any and all prior oral or written representations, understandings, or agreements among or between them.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

EUGENE R. FIDELL
Feldesman Tucker Leifer Fidell LLP
2001 L Street, N.W.
Second Floor
Washington, DC 20036
Tel: (202) 466-8960
Fax: (202)293-8103

Attorney for Plaintiff

July 27, 2007

BRYANT G. SNEE
Deputy Director
Authorized Representative
of the Attorney General

ARMANDO A. RODRIGUEZ-FEO
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L St., NW
Washington, D.C. 20530
Tel: (202) 307-3390
Fax: (202) 514-8624

Attorneys for Defendant

July 27, 2007

Certificate of Service

I hereby certify that on this 27th day of July, 2007, the foregoing Stipulation for Entry of Judgment was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Eugene R. Fidell

Eugene R. Fidell